No. 14.—Alex. M. K. Swift, plaintiff in error, *vs.* Dwight R. Perry, Sur. &c. defendant.

[1.] The Act of 1850, "to regulate the testimony of attorneys at law," disqualifies an attorney as a witness only in the case pending to which his client is a party, and in which he is engaged, and leaves him in all other cases subject to the Common Law rule in regard to privileged communications.

Swift *vs.* Perry.

Complaint, in Crawford Superior Court. Tried before Judge Powers. September Term, 1852.

This was an action of complaint, on open account, brought by the defendants in error against the plaintiff in error.

On the trial, plaintiff introduced his original books of entry, and proved by a witness that he kept correct books.

Defendant then sought to read in evidence the answers of Davenport Evans, Esq. to certain interrogatories, for the purpose of proving a settlement of the account sued on.

Counsel for plaintiff objected to the testimony, on the ground "that it appeared from the answers of Evans, that the witness at the time said settlement sought to be proved took place, was the attorney of defendant, and that his knowledge of the settlement and of the facts relating thereto was obtained, while acting as the attorney of the defendant, and by means of such relationship of attorney and client."*

The Court sustained the objection and excluded the testimony, and counsel for defendant excepted.

G. R. Hunter, for plaintiff in error.

Cook & Montfort, for defendant in error.

*By the Court.*—Nisbet, J. delivering the opinion.

[1.] We think that the presiding Judge adopted too liberal

---

*Note.—The following is the Statute upon which the objection is predicated:

*Be it enacted,* That from and after the passage of this Act, it shall not be lawful for any Attorney at Law or in Equity, in any case hereafter commenced, to give testimony in any Court of Law or Equity in this State, of any matter or thing, either for or against his client, the knowledge of which he may have acquired from his client, or during the existence and by reason of the relationship of client and attorney: Provided nevertheless, That no attorney shall be exempted from making answer as defendant, when a proper case shall be made in Equity, and his answer required, as by the laws now in existence.

a construction of the Act of 1850. It will, we admit, bear his construction, but it also fairly admits ours, and the latter seems to us to be more in accordance with sound policy. The presiding Judge appears to have held that an attorney, deriving his knowledge of the matters about which he is called to testify from his client, or during the continuance of his relation as attorney with his client, could not be sworn as a witness for or against him, either in in the case in which he is employed, or in any other case whatever, in which his client might be a party. We think the Legislature meant to disqualify him as a witness only in the case pending to which the client is a party, and in which he is engaged, and to leave him as to all other cases, subject to the Common Law rule. Such is our construction of the Act. *Cobb's N. D.* 280. For the Common Law rule, as to privileged communications to counsellors, solicitors, and attorneys, see 1 *Greenleaf's Evid.* §§ 237, 238, 239.

Let the judgment be reversed.